Docusign Envelope ID: 27FE33E6-47DC-48B6-ACA1-3D892DEDA5E9

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION
## LONDON

CRIMINAL ACTION NO. 6:25-CR-56-CHB

UNITED STATES OF AMERICA                                                                 PLAINTIFF

V.                                         **PLEA AGREEMENT**

RANJIT SINGH WAHI                                                                         DEFENDANT

\* \* \* \* \*

1.  Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to the sole count of the Indictment, charging conspiracy to knowingly distribute and dispense pills containing oxycodone and methadone, both Schedule II controlled substances, outside the scope of professional practice and not for a legitimate medical purpose, in violation of 21 U.S.C. §§ 841(a)(1) & 846 (the "Offense"). Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement.

2.  The essential elements of the Offense are:

    (a) Two or more persons conspired, or agreed, to knowingly or intentionally distribute controlled substances in an unauthorized manner, that is, through prescriptions that were not issued for a legitimate medical purpose by a practitioner acting within the usual course of professional practice; and

Docusign Envelope ID: 27FE33E6-47DC-48B6-ACA1-3D892DEDA5E9

    (b)    The Defendant knowingly and voluntarily joined in this conspiracy.

3.    The United States could prove the following facts that establish the essential elements of the Offense beyond a reasonable doubt, and the Defendant admits these facts:

> (a) Beginning in or about a day in 2019, the exact date unknown, and continuing through on or about November 18, 2022, in Perry County, in the Eastern District of Kentucky, and elsewhere, the Defendant conspired with others to dispense Schedule II controlled substances, including oxycodone and methadone, outside the scope of professional practice and not for a legitimate medical purpose by a practitioner acting within the usual course of professional practice. At all times during the conspiracy, the Defendant knew that oxycodone and methadone were controlled substances.
>
> (b) As part of this conspiracy, the Defendant employed Judith Harskey as a receptionist at Midwest Physician Pain Center, Defendant's pain clinic in Chicago, Illinois. During the conspiracy period, numerous Perry County patients regularly traveled to this clinic and, without seeing the Defendant or any other doctor, paid Harskey a cash co-pay and Harskey filled out prescriptions—previously signed by Defendant—for oxycodone, methadone, and other controlled substances. Harskey has never possessed prescribing authority. The Defendant either knew or deliberately ignored a high probability that the manner in which he agreed to operate Midwest Physician Pain Center would cause (per federal law) unauthorized controlled substance prescriptions to be issued.
>
> (c) For instance, between February of 2021 and November of 2022, the DEA conducted multiple recorded controlled visits at the clinic. During a February 24, 2021, visit an undercover officer accompanied a Kentucky-based cooperating source (and existing clinic patient) to the clinic. The cooperator identified the undercover to Harskey as his friend "Tom" and advised Harskey that "Tom" would be picking up prescriptions for him for the next few months. Aware that the cooperator lived out-of-state, Harskey advised the source of the need to secure Illinois identification and suggested that the cooperator get together with other patients to book an extended stay hotel room for that purpose. Harskey then provided the cooperator, who had seen no doctor, prescriptions the Defendant signed in advance and Harskey completed for methadone and oxycodone.
>
> (d) In a subsequent March 26, 2021, visit, Harskey filled out and provided the undercover, unaccompanied by the cooperator, methadone and

Docusign Envelope ID: 27FE33E6-47DC-48B6-ACA1-3D892DEDA5E9

oxycodone prescriptions intended for the cooperator. During April, May, and June visits, Harskey completed and provided the unaccompanied undercover methadone prescriptions intended for the cooperator but stated during the April visit that "she [could not] write the prescription for Percocet" (oxycodone) because of missing documentation. The Defendant signed electronic medical records falsely claiming to have seen the cooperator at the April and May visits. Ultimately, when DEA executed a search warrant on November 18, 2022, at the clinic they recovered 541 blank prescriptions pre-signed by the Defendant from Harskey's office, including 30 from her purse.

4. The statutory punishment for the Offense is not more than 20 years imprisonment, not more than a $1,000,000 fine, and at least 3 years supervised release. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk as directed by the Court.

5. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

> (a) The United States Sentencing Guidelines (U.S.S.G.) manual in effect at the time of sentencing will determine the Defendant's guidelines range.
>
> (b) Pursuant to U.S.S.G. §§ 1B1.3 & 2D1.1, the base offense level is 24 because the Defendant's relevant conduct includes at least 100 KG but less than 400 KG of Converted Drug Weight.
>
> (c) Pursuant to U.S.S.G. § 3B1.3, increase the offense level by 2 levels because the defendant abused a position of public or private trust, or used a special skill, in a manner than significantly facilitated the commission or concealment of the offense.
>
> (d) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1

Docusign Envelope ID: 27FE33E6-47DC-48B6-ACA1-3D892DEDA5E9

additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists regarding the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant reserves the right to appeal the sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

8. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

9. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

10. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

11. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

Docusign Envelope ID: 27FE33E6-47DC-48B6-ACA1-3D892DEDA5E9

|  |  | PAUL C. McCAFFREY<br>ACTING UNITED STATES ATTORNEY |
|---|---|---|
| Date: 10/13/25 | By: | */s/ W. Pearce Nesbitt*<br>W. Pearce Nesbitt<br>Assistant United States Attorney |
| Date: 10/12/2025 |  | */s/ Ranjit S Wahi*<br>Ranjit Singh Wahi<br>Defendant |
| Date: 10/12/25 |  | */s/ Andrew L. Sparks*<br>Andrew L. Sparks<br>Attorney for Defendant |