UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

*ELECTRONICALLY FILED*

CRIMINAL ACTION NO. 6:25-CR-056-CHB

UNITED STATES OF AMERICA                                        PLAINTIFF

v.                             **SENTENCING MEMORANDUM**

RANJIT SINGH WAHI                                        DEFENDANT

\* \* \* \* \* \*

The Defendant, Ranjit Singh Wahi, by counsel, submits the following memorandum for the Court's consideration in determining the appropriate sentence.

**I.    Background**

Dr. Wahi is a 78-year-old physician. He was born in New Delhi, India, in 1948. Dr. Wahi attended medical school in Chihuahua, Mexico, and passed his medical board exams in the United States. He and his wife, Sukhveer, married in 1979 and moved that same year to the United States as a lawful permanent resident. He became a United States citizen in 1985. *See* PSR ¶ 43. Dr. Wahi served in the United States Army reserves, and was honorably discharged on February 25, 2002. *See* Ex. A.

Dr. Wahi and his wife made their life in Illinois. They have two children and two grandchildren. *See* PSR ¶ 43. Dr. Wahi built a successful medical practice, treating people for over forty years. His patients report that he was a caring, competent physician. *See* Ex. B, letters of recommendation. He traveled multiple times to India, where he sponsored eleven medical camps to treat pain from 2006 – 2011. *See* Ex. C. Dr. Wahi estimates he treated between 7,100 – 8,200

1

patients on his mission trips. Dr. Wahi paid all expenses, which he estimates to have been between $15,000 – $20,000. *Id*.

Dr. Wahi is in poor health. Dr. Wahi suffers from severe headaches and serious neurological problems. He had a stroke in February 2025. His treating physician, Dr. Armita Bijari, confirms Dr. Wahi has slurred speech and gait abnormality. He is currently being treated for these symptoms. *See* Ex. D.

Dr. Wahi had a pre-cancerous lesion removed on January 22, 2026. He also suffers from uncontrolled hypertension, hyperthyroidism, insomnia, severe constipation, pre-diabetes, neck pain, back pain, and dental problems. Dr. Wahi had prostate surgery in 2025 and suffers from incontinence. He is on numerous prescription medications, including irbesartan (for high blood pressure and pre-diabetes); metoprolol (a beta-blocker used for high blood pressure and chest pain); amlodipine (for high blood pressure and chest pain); metformin (diabetes medication); ezetimibe (cholesterol medication); levothyroxine (thyroid medication); zolpidem (insomnia medication); rosuvastatin (cholesterol medication); duloxetine (for major depressive disorder and pain); soliffenacin (for prostate and bladder issues); topamax (for headaches); zolpidem (insomnia medication); miralex and metamucil (for gastric issues) and magnesium. *Id*. *See* Ex. E.

Dr. Wahi is also under psychiatric care. He suffers from unspecified abdominal pain, major depressive disorder, insomnia, and generalized anxiety disorder. His mental problems are not new. Dr. Wahi began suffering from depression after the suicide of his brother in 2019. Dr. Wahi was hospitalized for depression and suicidal ideations for one week in May 2019. He has been treated unsuccessfully with many medications, including ketamine. *See* Ex. F.

Dr. Wahi's medical providers are concerned about the impact of incarceration on Dr. Wahi's health. Dr. Peter Makar advises that Dr. Wahi requires constant medical monitoring and

2

expects his conditions to worsen over time.  *See* Ex. D.  Dr. Makar believes incarceration could pose a significant health risk to Dr. Wahi's health and safety.

Dr. Craig Kestenberg, Dr. Wahi's treating psychiatrist, shares this concern.  He notes that Dr. Wahi has difficulty walking long distances.  He is a significant fall risk and has difficulty with his memory and attention.   Dr. Wahi has slurred speech and difficulty communicating as a result of his stroke.

Perhaps most insightfully, Dr. Wahi's wife, who is also a physician, describes her firsthand observations of Dr. Wahi's physical and emotional condition.  *See* Ex. G.  She describes her husband as having difficulty walking, concentrating, and talking.  He is in constant pain.  *Id*.

In summary, Dr. Wahi is a 78-year-old retired physician suffering from significant physical and mental impairments.

**II.     The offense conduct**

From 2019 – 2022, Dr.Wahi left blank, pre-signed prescriptions with his receptionist, Judith Harskey.  *See*  R. 22, plea agreement.  Ms. Harskey filled out these prescriptions and provided them to patients, including patients from Perry County, Kentucky.  *Id*.

Ms. Harskey was indicted and pled guilty.  *See United States v. Judith Harskey*, 24-CR-10-CHB.  While Dr. Wahi did not fully comprehend the extent of Ms. Harskey's prescribing, he accepts full responsibility for these prescriptions.  Dr. Wahi recognizes he should not have provided pre-signed prescriptions to a non-physician, and understands he is responsible for this significant error in professional care and judgment.

When confronted by the Government, Dr. Wahi accepted responsibility for his actions.  He voluntarily relinquished his DEA license to prescribe controlled substances.  He also retired from

the practice of medicine. The Illinois Board of Medicine has suspended his medical license. *See* Ex. H.

### III.     The advisory guidelines range

Dr. Wahi has one criminal history point because of a reckless driving charge when he was 66 years old. *See* PSR at ¶ 36. His criminal history category is I. *Id*. at ¶ 39. His offense level is 23. *Id*. at ¶ 58. This results in an advisory guidelines range of 46 – 57 months. There are no objections to this calculation. However, after the issuance of the PSR Dr. Wahi satisfied the safety valve provision in U.S.S.G. § 2D1.1(b)(18). This decreases the offense level by two points. If awarded by the Court, the new advisory guidelines range is 37 – 46 months.

### IV.     The sentence

In determining the sentence, the Court must consider the nature of the offense and history and characteristics of the defendant. *See* 18 U.S.C. § 3553(a). Further, the sentence imposed must, among other things, (a) reflect the seriousness of the offense, promote respect for the law and provide just punishment; and (b) afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational, vocational, or medical care. *Id.*

The nature and circumstances of this offense are tragic. Dr. Wahi had an excellent medical career for decades. He has no prior regulatory or legal issues with his medical license. At an age he should have retired, he continued to practice medicine because he did not know how to walk away from his profession. He was not motivated by greed – Dr. Wahi and his wife, also a physician, enjoy financial security. *See* PSR ¶¶ 51 – 56. Rather, Dr. Wahi began suffering from mental health problems at the same time he began leaving pre-signed prescriptions with his receptionist. This does not excuse his behavior, but this is not a practice Dr. Wahi engaged in

4

during his prior forty-year career. His judgment was clearly diminished. Notably, Dr. Wahi was operating two clinics in the Chicago area at this time. He only left pre-signed prescriptions with Ms. Harskey. There was no impropriety at the other clinic.

Other than this event, Dr. Wahi's history is overwhelmingly positive. He was a productive member of society. He raised two successful children. He treated thousands of patients with care and competence. He conducted mission trips to India and paid all expenses himself. After the Government began its investigation, Dr. Wahi surrendered his DEA license and closed his medical practice. He promptly pled guilty to the charged conduct. This is powerful evidence of Dr. Wahi's good character.

Dr. Wahi's medical condition is extremely concerning. He suffers from constant pain. He has a very unsteady gait, his speech is slurred, and he is a significant fall risk as a result of his stroke. He suffers from chronic constipation and incontinence. He is being treated for anxiety and depression. He is on thirteen different medications. Dr. Wahi's treating physician and psychiatrist both express serious concerns about the danger of a sentence of incarceration to Dr. Wahi.

In fashioning the sentence, the Court must consider the need to protect the public, promote respect for the law and deter similar conduct. First, Dr. Wahi is not a threat to the public. He cannot prescribe controlled substances or practice medicine. There is no threat of repeat behavior.

Second, both specific and general deterrence have been accomplished in this case. Dr. Wahi is a first-time, elderly offender. He is deeply ashamed of his conduct. He expresses constant concern that his grandchildren will not see him as a respected physician who spent a lifetime caring for people, but rather will view him as a common criminal. Dr. Wahi will carry this shame for the remainder of his life.

Rehabilitation and medical care is an important factor in this case. Dr. Wahi is in poor health, and his stroke-induced symptoms and other ailments will make a period of incarceration, at best, extraordinarily difficult.

The Court must also consider similarly situated individuals. The undersigned reviewed the United States Sentencing Commission's interactive data analyzer, available at https://ida.ussc.gov/analytics/saw.dll?Dashboard, but was unable to locate sufficient data for sentences of Dr. Wahi's age, offense and criminal history level.

This leads to the appropriate sentence in this case. Dr. Wahi respectfully suggests just punishment can be achieved without a period of incarceration. To the extent a constraint on his physical freedom is necessary, this can be achieved through a term of home confinement. Dr. Wahi defers to the Court's discretion as to the length of any home confinement.

A substantial financial penalty will have significant punitive and deterrent effect. According to the Presentence Report, the annual cost of incarcerating an individual is $51,711. *See* PSR at ¶ 69. This is $4,309 per month. *Id*. Dr. Wahi's advisory guidelines range prior to receiving a safety valve reduction is 46 – 57 months. Applying the monthly rate to his guidelines range results in a fine range of $198,214 - $ 245,613,

Dr. Wahi recommends a fine at or near the top if this range, plus a period of home incarceration. This sentence is sufficient but not greater to accomplish the directives of 18 U.S.C. § 3553(a).

    Respectfully submitted,

    */s/Andrew Sparks*
    Andrew L. Sparks
    DICKINSON WRIGHT PLLC
    300 West Vine Street, Suite 1700
    Lexington, Kentucky 40507

Telephone: (859) 899-8734  
Facsimile: (844) 670-6009  
E-Mail: asparks@dickinsonwright.com  
COUNSEL FOR DEFENDANT

### CERTIFICATE OF SERVICE

    I hereby certify that on this 17th day of February, 2026, I electronically filed the foregoing with the clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all the registered CM/ECF participants through the Court's electronic filing system.

                                  */s/ Andrew L. Sparks*  
                                  Andrew L. Sparks  
                                  COUNSEL FOR DEFENDANT,  
                                  RANJIT SINGH WAHI